UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

DAMON TODD CAREY

        v.                                                                   Civil No. 25-cv-187-JL-TSM

WARDEN, FCI BERLIN

## REPORT AND RECOMMENDATION

Petitioner, Damon Todd Carey, a prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), challenging the decision of the Federal Bureau of Prisons ("BOP") to deny him the opportunity to earn First Step Act ("FSA") time credits. The petition is before this court for preliminary review. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A); see also § 2254 Rule 1(b) (§ 2254 Rules may apply to § 2241 petitions). Because Carey was convicted of a disqualifying offense, 18 U.S.C. § 924(c), he is ineligible for FSA time credits. See 18 U.S.C. § 3632(d)(4)(D)(xxii). Accordingly, the district judge should dismiss the § 2241 petition as Carey is plainly not entitled to relief.

## LEGAL STANDARD

Pursuant to § 2254 Rule 4, a federal judge must screen § 2241 petitions and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id.; see also 28 U.S.C. § 2243; McFarland v. Scott, 512 U.S. 849, 856 (1994) (courts "are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The court, in this context, may consider the records of prior judicial proceedings, to the extent that those proceedings have relevance to the matters before the court and are the proper subject of judicial notice. See Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those

proceedings have relevance to the matters at hand."). In conducting its § 2254 Rule 4 review, the court construes pro se filings liberally. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## BACKGROUND

Following a jury trial, Carey was convicted of drug trafficking and of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). See United States v. Carey, 72 F.4th 521, 524 (3d Cir. 2023), cert. denied, 144 S. Ct. 2617 (2024). In the Third Circuit decision affirming Carey's § 924(c) conviction, the Third Circuit noted the following regarding the sufficiency of the evidence:

> The record shows that the recovered gun was kept near Carey's bed, close to his drugs and drug-trafficking paraphernalia; that the gun, when seized, was loaded even though [Carey's co-conspirator] Sloane testified she did not know how to load it; that Slone did not know the make or model of the gun, even though it was registered in her name; that Carey paid for the gun and bullets; and that police recovered a holster for the gun during their search of Carey's residence that did not belong to Slone. All this substantiates the Government's theory that Slone was Carey's porter. And it supports the inference "that possession of the firearm advanced or helped forward [Carey's] drug trafficking."

Carey, 72 F.4th at 530-31 (citations omitted).

Carey filed administrative appeals of the decision to deny him FSA earned time credits. Citing 18 U.S.C. § 3632(d)(4)(D)(xxii), BOP officials concluded that Carey is ineligible to earn FSA time credits based on his § 924(c) conviction.

## DISCUSSION

Carey maintains that his § 924(c) conviction is not the type of offense that disqualifies a prisoner from earning FSA time credits, and he seeks an order of this court requiring the BOP to allow him to earn FSA earned time credits. The relevant portion of the FSA listing the offenses that disqualify a prisoner from earning FSA time credits, see 18 U.S.C. § 3632(d)(4)(D), provides, in pertinent part:

> **(D) Ineligible Prisoners.** A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:

>> . . . .
>
>> (xxii) Section 924(c) [18 U.S.C. § 924(c)], relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.
>
>> . . . .

Id. § 3632(d)(4)(D)(xxii).

Citing Sixth Circuit cases holding that § 924(c) establishes two separate crimes relating to drug trafficking: (1) using or carrying a firearm "during and in relation to" drug trafficking; and (2) possession of a firearm "in furtherance of" drug trafficking, see, e.g., United States v. Combs, 369 F.3d 925 (6th Cir. 2004), Carey argues that the FSA disqualification applies only to the first type of § 924(c) conviction, using or carrying a firearm during and in relation to a drug trafficking, and not to his conviction of firearms possession in furtherance of drug trafficking. Carey maintains that his conviction is not subsumed within the FSA provision that disqualifies § 924(c) offenses.

The plain language of the relevant FSA provision does not support Carey's argument. See 18 U.S.C. § 3632(d)(4)(D)(xxii) (making § 924(c) convictions, "relating to unlawful possession or use of a firearm during and in relation to any . . . drug trafficking crime" a disqualifying conviction (emphasis added)). The only § 924(c) "possession" offenses rendered "unlawful" under § 924(c) are those like Carey's, namely, possession in furtherance of drug trafficking. Cf. Forteza-Garcia v. United States, 130 F.4th 18, 21 (1st Cir. 2025) ("Section 924(c) makes it a crime to use or carry a firearm 'during and in relation to any crime of violence or drug trafficking crime . . . or to possess a firearm in furtherance of any such crime of violence or drug trafficking crime." (quoting 18 U.S.C. § 924(c)(1)(A)). If Carey's construction of the pertinent FSA provision were correct, limiting the statute's disqualification only to § 924(c) convictions that involve firearms used or carried "during or in relation to" drug trafficking, there would be no purpose served by the terms of the FSA provision which expressly disqualify § 924(c) convictions of firearms "possession" made "unlawful" under § 924(c). 18 U.S.C. § 3632(d)(4)(D)(xxii).

Because the FSA expressly lists § 924(c) drug trafficking firearms possession convictions among the types of convictions that disqualify prisoners from earning FSA time credits, Carey's conviction is within the scope of that disqualification.

Carey's argument seeking to carve out his § 924(c) conviction from the FSA's list of disqualifying offenses finds no support in any decision, concerning the scope of the pertinent part of the FSA. All such cases identified by this court deem convictions like Carey's to be disqualifying. See, e.g., Loera v. Hijar, No. EP-25-CV-118-LS, 2025 WL 1901917, at *2, 2025 U.S. Dist. LEXIS 123050, at *4 (W.D. Tex. June 29, 2025) (because petitioner was convicted of "possession of a firearm in furtherance of a drug trafficking crime," he is ineligible to earn FSA time credits); Byrd v. Warden, FCI Berlin, No. 23-CV-154-LM, 2023 WL 2898936, at *3, 2023 U.S. Dist. LEXIS 64264, at *4-5 (D.N.H. Feb. 28, 2023) (same), R&R adopted, 2023 WL 2894495, 2023 U.S. Dist. LEXIS 62940 (D.N.H. Apr. 11, 2023); see also Oiler v. LeMaster, No. 24-5033, 2025 WL 1864875, at *1, 2025 U.S. App. LEXIS 577, at *3 (6th Cir. Jan. 10, 2025) (list of disqualifying offenses under FSA includes § 924(c) convictions of possession of firearm in furtherance of drug trafficking).

Therefore, the BOP reasonably and correctly concluded that Carey's conviction under 18 U.S.C. § 924(c)(1) disqualifies him from earning any FSA time credits. See id. § 3632(d)(4)(D)(xxii). The district judge should dismiss this case, as it plainly appears on the face of the petition that Carey is not entitled to relief.

## CONCLUSION

For the foregoing reasons, the district judge should dismiss the petition. Then, the clerk's office may enter judgment and close the case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the

written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

                                                                      /s/ Talesha L. Saint-Marc
                                                                      Talesha L. Saint-Marc
                                                                      United States Magistrate Judge

Date:  July 17, 2025

cc: Damon Todd Carey, pro se